## Grenada County *v.* Shaw *et al.*

(Division A. June 6, 1938. Suggestion of Error Overruled June 30, 1938.)

[181 So. 733. No. 33266.]

S. C. Mims, Jr., of Grenada, for appellant.

W. M. Mitchell, of Grenada, for appellees.

**McGehee, J.**, delivered the opinion of the court.

At its April, 1937 meeting the board of supervisors of Grenada County declared its intention to levy, at the proper time, a tax of eight mills for the maintenance of the public schools of the county, outside of the separate school districts, for the scholastic year 1937-1938. This

order of the board was modified on the 7th day of July, which was subsequent to the first Monday thereof, 1937, so as to declare an intention to levy at the proper time a tax of ten instead of eight mills for said purpose, and which levy of ten mills was accordingly made by the board at its October, 1937 meeting. Thereupon, appellees, as citizens and taxpayers of the county, appeared and filed objections to the levy of ten mills and alleged that the board of supervisors was without authority to modify the order entered at its April meeting, and particularly so unless such action was taken prior to the first Monday in July. Their objections were embodied in a bill of exceptions on appeal to the circuit court, where the same were sustained and the levy reduced to eight mills, and from which judgment of the circuit court the county appeals.

The right of the appellees to test in this manner the authority of the board of supervisors, while acting in a legislative capacity, to fix the amount of a tax levy within the limit and in the exercise of the power conferred upon such board by the Legislature, is not here challenged. Hence, it is not necessary that we express any opinion in regard thereto.

The board of supervisors was expressly authorized and empowered by statute to fix the tax levy at ten mills for the purpose specified. It had the right to declare its intention to do so at the proper time by entering an order to that effect either at its April meeting or at any regular meeting thereafter held prior to the adoption of the order levying the county taxes, as provided for in Section 15 of Chapter 1 of the Laws of the 2nd Extraordinary Session of the Legislature of 1936. Since the statute conferred the right to enter the order declaring such intention at the April meeting, or at any regular meeting thereafter held prior to the date of making the levy in October, it is clear that the order entered on the 7th day of July, modifying the declaration of intention

made at the April meeting, became the declaration of intention, and within the time required by law.

But the contention is made by appellees that said Section 15 of Chapter 1, and also Section 1 of Chapter 5, of the laws of the 2nd Extraordinary Session of the Legislature of 1936, which provide that the amount of tax fixed in the declaration of intention to levy taxes for such purpose shall be levied by the board at the time other taxes are levied, and that the amount of the tax shall not be reduced by the board after the first Monday in July, prohibit the board from increasing, after the first Monday in July, the amount fixed in its declaration of intention, even if the board had authority prior to the first Monday in July to amend such declaration of intention entered at its April meeting. This contention is untenable, for the reason that the statutes above mentioned only prohibit a reduction of the tax levy after the first Monday in July. If the Legislature had intended to prohibit an increase after that date, as well as a reduction in the amount of the levy proposed to be made, such purpose could have easily been so declared. Then, too, there is a reason for the limitation against such reduction. The first statute, supra, is entitled "An act to regulate the distribution of the state equalizing school fund," etc., and under the provisions thereof those counties making a levy of ten mills for the maintenance of the public schools, outside of the separate school districts, are given more favorable consideration in the distribution of the state equalizing school fund than those where a levy of less than ten mills is made for such purpose. And, under the second statute, supra, it is provided that in the event the board of supervisors does not levy a tax of ten mills for such purpose an election can be called on petition of ten per centum of the qualified electors of the county, outside of the separate school district, to determine whether a ten-mill levy should be made.

It can readily be seen that it would not be fair and

equitable to permit a reduction in the levy after the county's allotment in the distribution of the equalizing fund has been approved on the basis of a ten-mill levy, or to permit such reduction after the qualified electors have allowed the time to expire in which an election can be petitioned for to determine the amount of the levy for the current year and to secure for the county the most favorable allotment. And since the only right conferred by these statutes upon the electors to call an election is when the board fails to fix the levy as high as ten mills, the amendment by the board of its declaration of intention subsequent to the first Monday in July so as to declare in favor of ten, instead of eight, mills, did not defeat the purpose of the statutes. Moreover, the board was expressly authorized to make its declaration of intention either at the April meeting or at any regular meeting thereafter prior to the time for levying all county taxes, observing, of course, the requirement that the levy should not be reduced after the first Monday in July for any year.

The action of the board of supervisors in fixing the levy at ten mills should have been affirmed by the circuit court; and, therefore, the judgment of that court in sustaining the appellees' objections thereto must be reversed.

Reversed and judgment here for appellant.